| DISTRICT COURT, COUNTY OF DENVER, COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202 | DATE FILED: July 12, 2016 2:58 PM<br>FILING ID: CC785E2BB7129<br>CASE NUMBER: 2016CV32483 |
|---|---|
| **Plaintiff:** MOHAMMAD RAEOUF<br><br>**v.**<br><br>**Defendant:** TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | ▢ COURT USE ONLY ▢ |
| **Attorneys for Plaintiff:**<br><br>Robert D. Green #46875<br>Robert D. Green & Associates, P.C.<br>440 Louisiana St., Ste. 1930<br>Houston, Texas 77002<br>Phone Number: (713) 654-9222<br>Fax Number: (713) 654-2155<br>E-mail: green@greentriallaw.com<br><br>Daniel P. Barton, #49297<br>Barton Law Firm<br>1201 Shepherd Drive<br>Houston, Texas 77007<br>Phone Number: (713) 227-4747<br>Fax Number: (713) 621-5900<br>E-mail: dbarton@bartonlawgroup.com | **Case Number:**<br><br>**Div:** |
| **ORIGINAL COMPLAINT AND JURY DEMAND** ||

COMES NOW Plaintiff, Mohammad Raeouf ("Plaintiff"), complaining of Defendant, Travelers Property Casualty Company of America ("Travelers"), and files this Plaintiff's Original Complaint and Jury Demand and for cause of action would respectfully show the Court the following:

**EXHIBIT A**

## I.
## Jurisdiction

1.      The Court has jurisdiction over the lawsuit. All of the acts described in this Complaint occurred in the State of Colorado under Colorado law, and involve an insurance policy governed by Colorado law.

## II.
## Venue

2.      Venue is proper in this district pursuant to C.R.C.P. 98, as Plaintiff was a resident of Denver, Colorado, at all times relevant to this case; all activities alleged herein occurred in Denver County; and Defendant Travelers is licensed to transact business in the State of Colorado.

3.      Plaintiff was an individual doing business in Denver, Colorado at all times relevant to this case; all activities alleged herein occurred in Denver County; and Travelers is licensed to transact business in the State of Colorado.

## III.
## Parties

4.      Plaintiff is an individual doing business in Denver, Colorado.

5.      Defendant Travelers is an insurance company domiciled in Connecticut. Travelers may be served with process by serving the Department of Regulatory Agencies - Division of Insurance at 1560 Broadway, Denver, Colorado 80202 pursuant to C.R.S. § 10-2-503.

## IV.
## Factual Background and Allegations

6.      Plaintiff was insured by Travelers, Policy Number: 680-9881C361-15-42 all times described in this Complaint.

7. Plaintiff is the owner of the subject property, located at 990 Federal Boulevard, Denver, Colorado 80204 (the "Property"). Plaintiff is the beneficiary of an insurance policy number 680-9881C361-15-42 issued by Travelers (the "Policy") with effective dates of February 6, 2014 through February 6, 2015.

8. All of the acts described in this Complaint occurred in the State of Colorado under Colorado law, and involve an insurance policy governed by Colorado law.

9. On or about July 15, 2014, a weather event took place causing widespread and significant damage to Plaintiff's Property, including damage to the roofing and interior of the Property.

10. Plaintiff subsequently opened a claim with Travelers.

11. After receiving notice of Plaintiff's claim, Travelers assigned the Plaintiff's claim to an adjuster.

12. On or about September 3, 2014, Defendant Travelers wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

13. On or about September 5, 2015, Plaintiff was forced to seek resolution of the claim through the appraisal process in the Policy, and formally demanded appraisal.

14. On or about September 29, 2015, Defendant Travelers acknowledged Plaintiff's appraisal demand.

15. On or about September 29, 2015, Defendant Travelers wrongfully misrepresented to Plaintiff that appraisal was "not appropriate for those claimed items for which there is a dispute over coverage and causation ("the disputed damages")."

**EXHIBIT A**

16.     Defendant ultimately agreed to participate in the appraisal process, which is currently ongoing. An appraisal award has not been given as of the date of the filing of this complaint.

17.     Defendant Travelers failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Travelers refused to pay the proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Further, Defendant Travelers failed to conduct a reasonable investigation of Plaintiff's claim.  Travelers' conduct constitutes a breach of the insurance contract between Travelers and Plaintiff.

## V.
## First Claim for Relief
## Breach of the Implied Covenant of Good Faith and Fair Dealing

18.     Plaintiff re-alleges and incorporates allegations 1-17 of this Complaint as if fully set forth herein.

19.     Because a contract of insurance existed between Travelers and the Plaintiff, Travelers owed Plaintiff a duty to deal with Plaintiff fairly and in good faith in performing under the contract.

20.     Travelers has violated its duty of good faith and fair dealing by, among other things, (a) failing to offer to pay the Plaintiff an amount which they otherwise concluded to be a fair and reasonable amount for its losses; (b) not attempting in good faith to effectuate prompt, fair, and equitable settlement of Plaintiff's claim without the need for appraisal; (b) compelling Plaintiff to institute appraisal to recover amount due under the Policy by wrongfully denying the amounts

4

EXHIBIT A

owed; (c) forcing Plaintiff to incur the time and expenses of an appraisal proceeding simply to attempt to achieve a fair resolution of a covered claim; (d) forcing Plaintiff to incur the time and expenses of an appraisal proceeding simply to attempt to receive a fair and unbiased investigation of Plaintiff's claim; (e) misrepresenting to Plaintiff that appraisal would not include the disputed damages; (f) misrepresenting the terms of the policy; and (g) by compelling Plaintiff to institute litigation to recover amounts due under the agreement of insurance with Travelers.

21. Travelers' behavior constitutes bad faith claims handling at Common Law and in violation of the provisions of C.R.S. §10-3-1104(h)(VII), as well as reckless disregard for the rights of its insured.

22. As a result of Travelers actions, Plaintiff has sustained damages and losses in amounts to be proven at trial. As a result of Travelers actions, Plaintiff has sustained damages and losses in amounts to be proven at trial.

## VI.
### Second Claim for Relief
### Violation of C.R.S. 10-3-1115 and 1116

23. Plaintiff incorporates by reference the previous allegations in paragraphs 1-22.

24. At all times pertinent hereto, the following statute of the state of Colorado was in effect:

**10-3-1115. Improper denial of claims – prohibited – definitions - severability.**

> (1) (a) A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

25. C.R.S. §10-3-1116 provides a remedy for such denial or delay of payments in the form of "reasonable attorney fees, court costs, and two times the covered benefit."

26. Travelers has unreasonably denied or delayed payment to Plaintiff in violation of C.R.S. §10-3-1115.

27. In breach of its duty to Plaintiff, Travelers, without a reasonable basis, delayed and denied benefits owed to Plaintiff by, among other things: (a) conducting a biased and outcome-oriented claim investigation, (b) failing to adopt and implement reasonable standards for the fair and prompt investigation of Plaintiff's claim; (c) not attempting in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claim without the need for appraisal; (d) misrepresenting the Policy to Plaintiff; (e) refusing to timely and fully pay Plaintiff for the full cost of covered damage to the Property; (f) compelling Plaintiff to institute appraisal proceedings to recover amounts due under the Policy by offering substantially less than the amounts owed, and (g) forcing Plaintiff to incur the time and expense of an appraisal proceeding simply to attempt to achieve a fair resolution of a covered claim.

28. Travelers are subject to the provisions of C.R.S. §10-3-1116 for double damages, court costs, and attorney fees in addition to those claimed elsewhere in this Complaint.

## VII.
## Prayer for Relief

WHEREFORE, Plaintiff prays for damages against Defendant Travelers as follows:

1. Damages for breach of contract, including the value of benefits Plaintiff was entitled to receive under the policy that were not provided; damages for delayed payment; consequential damages; and reasonable interest on delayed payment.

2. Compensatory damages against Defendant, including economic and noneconomic damages.

3. Double damages, court costs, and reasonable attorneys' fees incurred in prosecuting this action pursuant to C.R.S. §10-3-1116.

4. An award of pre-judgment interest, costs, attorney fees where applicable, and

5. Such other and further relief as this Court may deem just, equitable or proper.

Dated this 12th day of July, 2016.

A JURY IS DEMANDED AS TO ALL ISSUES HEREIN

        Respectfully submitted,

By: */s/ Robert D. Green*
Robert D. Green, #46875
ROBERT D. GREEN & ASSOCIATES, P.C.
440 Louisiana Street, Ste. 1930
Houston, Texas 77002
Phone Number: (713) 654-9222
Fax Number: (713) 654-2155
E-mail: green@greentriallaw.com

By: */s/ Daniel P. Barton*
Daniel P. Barton, #49297
BARTON LAW FIRM
1201 Shepherd Drive
Houston, Texas 77007
Phone Number: (713) 227-4747
Fax Number: (713) 621-5900
E-mail: dbarton@bartonlawgroup.com

**ATTORNEYS FOR PLAINTIFF**

Address of Plaintiff:

990 Federal Boulevard
Denver, Colorado 80204

**EXHIBIT A**